# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2021

Lyle W. Cayce
Clerk

No. 21-50501
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Celestino Roman-Soto,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-cr-563-1

_____

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Celestino Roman-Soto pleaded guilty to illegal reentry after having been removed from the United States. The district court sentenced him to 30 months of imprisonment, followed by a three-year term of supervised release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50501

For the first time on appeal, Roman-Soto contends that the sentencing enhancement in 8 U.S.C. § 1326(b) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Roman-Soto concedes his challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government has filed an unopposed motion for summary affirmance. It agrees the issue is foreclosed. The Government requests, in the alternative, an extension of time to file a brief.

*Almendarez-Torres* does indeed foreclose the sole issued raised on appeal. *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because the issue is foreclosed, summary affirmance is appropriate. *See United States v. Contreras-Rojas*, ___ F.4th ___, 2021 WL 5027456, at *1 (5th Cir. Oct. 29, 2021) (per curiam) (noting that "appeals based on *Almendarez-Torres* are virtually all frivolous" and granting summary affirmance in a similar situation).

Accordingly, summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.